CHIEF JUSTICE McGRATH,
concurring in part and dissenting in part.
¶57 I concur with the Court’s ruling on Issue three and with the result on Issue two. I dissent on Issue one.
¶58 The admission of the photograph depicting an injury caused to one of the boys by the defendant’s wife was reversible error. It was not admissible under M. R. Evid. 402 as it was not relevant to the determination of the crime charged. Even had the photograph been relevant, it should have been excluded as prejudicial and misleading pursuant to M. R. Evid. 403. Nor do the provisions of M. R. Evid. 404(b) allow for the photograph’s admission under the facts of this case.
¶59 However, I dissent on whether the prosecutor’s offer to allow the defendant to plead guilty to one felony before amending the charge to a different felony with a greater penalty was vindictive behavior under the law. Prosecutors in Montana have wide discretion to determine the offense charged as long as the facts alleged support the charge. State v. Mahoney, 264 Mont. 89, 96, 870 P.2d 65, 70 (1994) (quoting State v. Booke, 178 Mont. 225, 230, 583 P.2d 405, 408 (1978) (“When the facts of a case support a possible charge of more than one crime, the crime *291 to be charged is a matter of prosecutorial discretion.”)). A prosecutor may move the court to amend an information in matters of substance at any time up to five days before trial. Section 46-11-205(1), MCA.
¶60 This Court has squarely addressed the issue of vindictive prosecution before:
Confronting a defendant with the risk of more severe punishment following the rejection of a plea bargain cannot form the basis for a claim of prosecutorial vindictiveness. Bordenkircher v. Hayes (1978), 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604. Allowing such a claim would contradict the premises that underlie the accepted practice of plea bargaining.
State v. Smith, 280 Mont. 158, 165, 931 P.2d 1272, 1276 (1996).
¶61 Indeed, the facts here present nothing more vindictive than the “accepted practice of plea bargaining.” Regrettably, the majority opinion’s creation of a presumption of vindictive prosecution under these facts undermines the plea bargaining process. Moreover, the majority misinterprets U.S. Supreme Court decisions in order to apply this presumption. The U.S. Supreme Court upheld the constitutionality of plea bargaining in Bordenkircher v. Hayes, 434 U.S. 357, 98 S. Ct. 663 (1978). The Court applied a presumption of vindictive prosecution to hold that the State denied a defendant due process by charging him with a felony after he appealed and obtained a trial de novo of a misdemeanor conviction for the same conduct. Blackledge v. Perry, 417 U.S. 21, 27-29, 94 S. Ct. 2098, 2102-03 (1974). However, the Court declined to apply a presumption of prosecutorial vindictiveness to pretrial plea negotiations that resulted in increasing misdemeanor charges to felony charges when the defendant refused to plead. U.S. v. Goodwin, 457 U.S. 368, 381-84, 102 S. Ct. 2485, 2492-94 (1982).
¶62 The key factual difference that accounts for the U.S. Supreme Court applying a presumption of vindictive prosecution is the existence of a conviction for the original charges. Knowles first felony trial resulted in a mistrial. Shortly thereafter, the State charged Knowles with felony assault with a weapon on December 22, 2008. He was convicted after a trial held June 15-17, 2009. This timing comports with § 46-11-205(1), MCA, and falls within the bounds of prosecutorial discretion. Unlike Blackledge, Knowles did not appeal from a conviction. Like Goodwin, the charges against Knowles were increased during pretrial negotiations, well before he was convicted. To hold that a presumption of vindictive prosecution applies to these facts is an overreaction that creates an unworkable precedent. Our precedent *292 does not require such a presumption and the Court’s holding will only undermine principles of judicial economy promoted by plea negotiations.
¶63 I would not apply a presumption of vindictive prosecution, and therefore dissent from the Court’s holding.